UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-326-SDJ |
| | § | |
| DON VONTE PIRTLE | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Don Pirtle's Petition for Sentence Modification/Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. #51). Having considered the motion, the record, and the applicable law, Pirtle's motion for sentence reduction is **DENIED**.

**I. Background**

On January 26, 2022, Pirtle was sentenced to a 78-month term of imprisonment with three years of supervised release. (Dkt. #47). He pleaded guilty to (1) felon in possession of a firearm in violation of 21 U.S.C. § 922(g)(1); and (2) possession with intent to manufacture and distribute marijuana in violation of 21 U.S.C. § 841(a)(1). (Dkt. #34 ¶ 1). Pirtle agrees that, on or about August 20, 2020, he was knowingly in possession of three firearms and "62 marijuana plants and 22 glass jars containing cultivated marijuana." (Dkt. #36 ¶¶ 4, 6–7). About twenty-six months after sentencing, Pirtle filed this motion for compassionate release, citing to (1) elevated health risks related to his medical conditions; (2) the need to assist with caregiving for some of his children; and (3) various alleged constitutional violations. (Dkt. #51 at 6–10). Pirtle requests that the Court reduce his sentence, presumably to

time served, and order him released from prison. At this time, Pirtle has served less than half of his sentence.

## II. LEGAL STANDARDS

### A. Jurisdiction over Sentence-Reduction Motions

Under the "rule of finality," "federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (cleaned up). That is so because a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment," which may be modified in only "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Indeed, the Fifth Circuit has explained that "[a]bsent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also Eberhart v. United States*, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (a "basic principle of judicial process" is that "once a final [criminal] judgment is issued and the court of appeals considers a case, a district court has no power to act on it further").

The "limited circumstances" in which a defendant may invoke the district court's[1] jurisdiction are through (1) compassionate-release motions;[2] (2) motions for

---

[1] A defendant may invoke the jurisdiction of the courts of appeals through direct appeal of their term of imprisonment under 18 U.S.C. § 3742.

[2] 18 U.S.C. § 3582(c)(1)(A).

2

sentence reduction based on a change in the sentencing guidelines;[3] (3) Rule 35(a) motions to correct clear error within fourteen days of sentencing;[4] (4) Rule 35(b) motions for sentence reduction based on substantial assistance;[5] (5) Rule 36 motions to correct clerical errors;[6] (6) habeas motions;[7] or (7) any other motion "expressly permitted by statute."[8] *Varner,* 948 F.3d at 253–54. That's it. If a Defendant seeks other relief, they must identify the statute authorizing the requested relief.

**B. Motions for Compassionate Release**

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(i). The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the

---

[3] 18 U.S.C. § 3582(c)(2).

[4] 18 U.S.C. § 3582(c)(1)(B); *see also* FED. R. CRIM. P. 35(a).

[5] *Id.*; *see also* FED. R. CRIM. P. 35(b).

[6] FED. R. CRIM. P. 36.

[7] 28 U.S.C. § 2255.

[8] 18 U.S.C. § 3582(c)(1)(B).

3

sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024).

So what constitute "extraordinary and compelling reasons"? Congress chose not to elaborate further. Instead, it delegated the authority to do so to the Sentencing Commission. *See* 28 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). In so doing, Congress "provided just one restriction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

Under this authority, the Sentencing Commission promulgated U.S.S.G. § 1B1.13. As it stands now, there are six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). This section binds district courts because Section 3582 requires sentence reductions to be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (finding that Congress intended the Sentencing Commission's policy statements "to be binding in § 3582(c) proceedings").

4

And the 2023 amendments[9] made clear that U.S.S.G. § 1B1.13 applies to motions filed by either "the Director of the [BOP] or the defendant."[10] U.S.S.G. § 1B1.13(a); *see also United States v. Jean*, 108 F.4th 275, 290 (5th Cir. 2024) (noting that "district courts are now guided by the November 1, 2023 Amendments in future cases"), *abrogated on other grounds by United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2025).

But the analysis doesn't end there. Even if the defendant shows extraordinary and compelling reasons for granting relief, several other hurdles remain. For example, the court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The factors under Section 3142(g) align with the sentencing factors under 18 U.S.C. § 3553(a),[11] which must also be considered by the court:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;

---

[9] Amendments to the Sent'g Guidelines (U.S. Sent'g Comm'n Nov. 1, 2023).

[10] Before the 2023 amendments to the Sentencing Guidelines, U.S.S.G. § 1B1.13(a) was limited to motions "of the Director of the [BOP]." The Fifth Circuit, among others, interpreted this omission to suggest that U.S.S.G. § 1B1.13 did not apply to compassionate-release motions filed by defendants. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021); *see also United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). The amended guidelines allow for motions "of the Director of the [BOP] *or the defendant*," which clarified this previous confusion.

[11] For brevity, the Court includes the language of only 18 U.S.C. § 3553(a), which is substantively identical to 18 U.S.C. § 3142(g).

> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The district court has broad discretion in considering these factors. As the Supreme Court has explained, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case[.]'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Consistent with the broad discretion granted district courts, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion ... where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *Id.* at 358 (citation omitted). In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Based on his arguments, Pirtle relies on his medical conditions and family circumstances as extraordinary and compelling reasons for his release.

### i. Defendant's medical circumstances (U.S.S.G. § 1B1.13(b)(1))

The Sentencing Commission has enumerated four separate medical circumstances to consider in evaluating a compassionate-release request. U.S.S.G. § 1B1.13(b)(1)(A)–(D).

First, whether the Defendant is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)." *Id.* § 1B1.13(b)(1)(A). Although a life-expectancy prognosis is not required, the provided examples make

6

clear how serious the illness must be: "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* Fifth Circuit precedent is in accord. *See, e.g., United States v. McMaryion,* No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam) ("We have said that a late-stage, terminal prognosis can constitute an extraordinary and compelling basis for a § 3582(c)(1) motion."). Generic conditions like hypertension or high cholesterol are insufficient. *See, e.g., United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (finding neither hypertension nor high cholesterol to be terminal conditions); *United States v. Koons*, 455 F.Supp.3d 285, 292–93 (W.D. La. 2020) (similar, but for high cholesterol, hypertension, and acid reflux).

Second, whether the defendant is "(i) suffering from a serious physical or medical condition, (ii) suffering from a serious functional or cognitive impairment, or (iii) experiencing deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(B). This condition must be so severe that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* When the defendant's conditions are "'managed effectively by medication' and do not 'substantially diminish the ability of the defendant to provide self-care,'" the defendant's medical condition is not an "extraordinary and compelling reason[] warranting compassionate release[.]" *United States v. Love*, 853 F.App'x 986, 987 (5th Cir. 2021) (quotations omitted).

7

Third, whether the Defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). This subcategory focuses on the lack of resources and medical care available in some correctional facilities. Courts have rejected as insufficient general complaints about long-term issues without medical proof of the condition or how it is deteriorating. *See, e.g.*, *United States v. Ani*, No. 21-00147, 2024 WL 50775, at *4 (D. Haw. Jan. 4, 2024) ("BOP is providing him with medical care, such as medication. There is no evidence that his medical conditions are deteriorating; that his medical conditions require long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or that his ability to care for himself has been seriously diminished."); *United States v. Dessaure-Outlaw*, No. CR 122-023, 2024 WL 83327, at *2 (S.D. Ga. Jan. 8, 2024) (finding general complaints about surgery complication and diabetes insufficient).

Fourth, whether the defendant is in a facility that is "at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority." U.S.S.G. § 1B1.13(b)(1)(D)(i). In addition, the defendant's "personal health risk factors and custodial status," must put them "at increased risk of suffering severe medical complications or death[.]" *Id.* § 1B1.13(b)(1)(D)(ii). The facility must also be unable to "adequately mitigate[]" the defendant's increased risk "in a timely manner." *Id.* § 1B1.13(b)(1)(D)(iii).

8

### ii. Defendant's family circumstances (U.S.S.G. § 1B1.13(b)(3))

The Sentencing Commission enumerates four potential reasons for a defendant's family circumstances to constitute an extraordinary and compelling reason for release:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "*immediate family member*" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3)(A)–(D).

Conclusory assertions that the defendant must now serve as the primary caretaker for a family member are insufficient. *See, e.g.*, *United States v. Newman*, No. CR 122-031, 2024 WL 812041, at *2 (S.D. Ga. Feb. 27, 2024) (finding unsupported assertions that defendant's wife was disabled and that his father required caretaking were "conclusory statements" that were "insufficient to carry his burden of persuasion"). Rather, courts require specific evidence of the defendant's need to serve as a primary caretaker. For example, the defendant must prove with medical support that the family member is incapacitated. *See United States v. Zermeno*, No. 1:16-CR-

9

79(1), 2024 WL 4043445, at *4 (E.D. Tex. Sept. 3, 2024) (collecting cases); *United States v. Romano*, 707 F.Supp.3d 233, 237–38 (E.D.N.Y. 2023) (finding that "[w]ithout medical evidence" of the "father's incapacitation and medical evidence detailing [defendant's] mother's inability to provide his father the necessary assistance, the Court cannot conclude that [the mother] would be an inadequate caregiver"). Statements that a family member is elderly and needs care are insufficient. *Id.* The defendant must also demonstrate why they are the only available caregiver for that family member. *United States v. Lopez,* No. 23-50404, 2024 WL 244935, at *1 (5th Cir. Jan. 23, 2024) (noting that the defendant "failed to explain why his other siblings could not care for his parents"). And there must be a reason for the change in that family member's caretaker status. *Id.* (noting the defendant's failure to "allege the death or incapacitation of any current caretaker").

When the caretaking role relates to minors like children, additional requirements apply. For instance, the defendant must show that they would likely gain custody of the child if released. *See, e.g.*, *Zermeno*, 2024 WL 4043445, at *5 (collecting cases). In such a situation, the court should evaluate whether "release of the inmate to care for the inmate's child is the best interest of the child." U.S. Dep't of Just., Fed. Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019)).

**C. Exhaustion Requirement Under 18 U.S.C. § 3582(c)(1)(A)**

Section 3582(c)(1)(A) imposes exhaustion requirements for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or

the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although this requirement is mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920 (2020). And "mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022). Thus, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *Id.*

## II. DISCUSSION

### A. Jurisdiction

Pirtle gestures at various constitutional claims that purportedly support his motion, invoking the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Dkt. #41 at 8–10). Of these, Pirtle provides no description as to how any of these rights were violated beyond an assertion that he is being held in substandard conditions in violation of the Eighth Amendment. (Dkt. #41 at 8–10). A motion for compassionate release is not the proper vehicle to bring such civil rights claims. *See, e.g., United States v. Coutinho-Silva*, Criminal Action No. 10-002, 2022 WL 3448636, at *5 (E.D. Pa. Aug. 17, 2022) ("Construed as a claim that he is being held in unconstitutional conditions of confinement, a motion for compassionate release is not the proper vehicle to bring such a claim.") (citing *Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002); *Doe v. Pa. Bd. of Prob. & Parole*, 513 F.3d 95, 99 n.3 (3d Cir. 2008));

11

*see also United States v. Smith*, Case No. 3:17-CR-00025, 2020 WL 6702173, at *6 n.8 (S.D. Ohio Nov. 13, 2020) (collecting cases) ("With respect [to] Smith's argument concerning the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments, a compassionate release motion is not the appropriate mechanism or vehicle to raise such claims of alleged constitutional violations."). These claims are therefore dismissed for lack of jurisdiction.

**B. Exhaustion**

The Court next addresses exhaustion. Defendant Pirtle claims that he has "on several occasions attempted to access the Administrative Remedy Process through the institution in which he is currently held." (Dkt. #51 at 5). The requests have been rejected "for technical reasons" and amount to an "outright denial of his request." (Dkt. #51 at 5). According to Pirtle, the Court should thus deem his administrative remedies exhausted. (Dkt. #51 at 5).

In this circuit, Pirtle's requirement to prove exhaustion may be waived by the Government if it fails to raise this argument in response. *McLean*, 2022 WL 44618, at *1. Because the Government did not respond to Pirtle's motion, let alone raise this argument in response to it, that argument is deemed waived. Pirtle is therefore presumed to have exhausted his administrative remedies.

**C. Reasons for Compassionate Release**

Turning to Pirtle's motion, he provides two reasons in support of his request for compassionate release: his medical circumstances (U.S.S.G. § 1B1.13(b)(1)(B)–

(C))) and his family circumstances (U.S.S.G. § 1B1.13(b)(3)). The Court begins with Pirtle's medical circumstances.

As to his medical circumstances, Pirtle claims that he has "multiple significant and chronic health concerns that would benefit from treatment in a non-Bureau of Prisons setting," including "hypertension, anxiety, depression, fibromyalgia, pre-diabetes, early onset glaucoma, and other chronic medical conditions." (Dkt. #51 at 7). "The most significant of these medical conditions is fibromyalgia, causing severe pain *for which he is currently being prescribed medications*." (Dkt. #51 at 7) (emphasis added). The "treatment provided by the BOP at the facility," Pirtle states, is "sporadic at best and fails to rise to the level of the 'acceptable standard of care' for [his] medical condition[s]." (Dkt. #51 at 7). In essence, "[t]he BOP lacks the necessary resources to effectively address and manage [his fibromyalgia]."

The Court believes that Pirtle seeks to invoke two sections related to his medical circumstances: Section 1B1.13(b)(1)(B) and Section 1B1.13(b)(1)(C). The Court finds that neither provides an extraordinary or compelling reason for release. For example, under Section (b)(1)(B), Pirtle does not claim that his conditions are so severe that they "substantially diminish[] [his] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." And as Pirtle admits, he is currently receiving a prescription for this condition. This claim thus fails.

As to Section 1B1.13(b)(1)(C), Pirtle appears to claim that he requires medical care that "is not being provided and without which the defendant is at risk of serious

13

deterioration in health or death." But Pirtle provides no proof of his medical conditions or his facility's inability to provide requisite care. As stated above, courts have rejected such general complaints that lack medical proof in support. *See, e.g.*, *Ani*, 2024 WL 50775, at *4 ("BOP is providing him with medical care, such as medication. There is no evidence that his medical conditions are deteriorating; that his medical conditions require long-term or specialized medical care that is not being provided and without which he is at risk of serious deterioration in health or death; or that his ability to care for himself has been seriously diminished."); *Dessaure-Outlaw*, 2024 WL 83327, at *2 (finding general complaints about surgery complication and diabetes insufficient). This claim thus fails too.

Turning to Pirtle's family circumstances, he suggests that he needs to help "the mother of three (3) of [his] five (5) children" who is now "unable to provide adequate care and support for the[ir] minor children, both financially and emotionally, due to the additional responsibility of now being the primary caregiver to her disabled mother following the passing of her father." (Dkt. #51 at 6–7). Nowhere does Pirtle state that she has become incapacitated, as required by Section 1B1.13(b)(3)(A). Nor does Pirtle show why either of his parents or one of his half-siblings, (Dkt. #43 ¶ 57), could not provide the requisite care for these children.

And because his children are minors, Pirtle also needed to show that he would likely gain custody of them if released. *Zermeno*, 2024 WL 4043445, at *5 (collecting cases). Pirtle has provided nothing to support that he would be granted custody if

14

released. Pirtle's family circumstances are thus insufficient to constitute an extraordinary or compelling reason for release.[12]

Setting the sentencing guidelines aside, the Court independently finds that the sentencing factors under 18 U.S.C. § 3553(a) support denying Pirtle's motion. *Rollins*, 53 F.4th at 359. Pirtle pleaded to knowingly possessing three firearms even though he was prohibited from doing so as a felon. (Dkt. #36 ¶ 4). These included "a Smith and Wesson, Model SD9 VE, 9x19 caliber pistol," "a Cobra Enterprise Inc., Model CA-380, .380 caliber pistol," and "a Sig Sauer, Model P220, .45 caliber pistol." In addition, Pirtle has three prior drug convictions from Oklahoma state courts: (1) a 2001 conviction for Possession of a Controlled Substances; (2) a 1997 conviction for Selling Dangerous Drugs; and (3) a 1995 conviction for Distributing a Controlled Substance or Possessing with the Intent to Distribute a Controlled Substance. (Dkt. #36 ¶ 5). Pirtle also asks the Court to release him notwithstanding the fact that he has served less than half of the sentence imposed by this Court. Granting Pirtle's request would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment for his offense. Nor would it adequately deter future criminal conduct or protect the public. Accounting for Pirtle's repeated felony convictions and his illegal possession of three firearms amply demonstrate that he presents a substantial danger to the public.

---

[12] The Court notes that Pirtle also complains that his sentence is too lengthy. (Dkt. #41 at 8). But Pirtle's sentence was consistent with the binding plea agreement he entered under Federal Rule of Criminal Procedure 11(c)(1)(C). (Dkt. #34). That is to say, Pirtle is serving the sentence that he agreed was appropriate, asked the Court to impose, and did not appeal. This complaint also presents no ground for compassionate release.

In short, because Pirtle has failed to show that there are extraordinary and compelling reasons to reduce his sentence, his motion must be denied. Even if Pirtle had made this showing, the Court would still find that his motion must be denied "after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693.

## IV. CONCLUSION

Defendants seeking compassionate release must show that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction is warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). Defendant Don Pirtle has failed to meet his burden for each requirement, and his Petition for Sentence Modification/Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), (Dkt. #51), is therefore **DENIED**.

**So ORDERED and SIGNED this 20th day of February, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE